IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL NO. 2:14-CV-453 |
| | § | |
| STAR TEXAS GASOLINE & OIL | § | |
| DISTRIBUTORS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

The Court has before it briefing of the Parties on dismissal of this action under Federal Rule of Civil Procedure 12(b)(6), Dkt. Nos. 17 and 24 and Plaintiff's Emergency Motion for Expedited Discovery, Dkt. No. 23.

### I.  Procedural History

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") commenced this action by filing its Emergency Application for Appointment of Receiver (the "emergency application") on November 17, 2014.  Dkt. No. 1.  It asserted that Defendant Star Texas Oil & Gasoline Distributors, Inc. ("Star Texas") has defaulted on loan agreements with a then-current outstanding balance of approximately $7 million. *Id.* ¶¶ 1, 16.  Wells Fargo further pleads that these loans, as subsequently modified, were secured by two agreements dated December 14, 2012, granting Wells Fargo "a security interest in and to all accounts, contract rights, promissory notes, chattel paper, instruments, deposit accounts, equipment, tools, machinery, furniture, other goods and payment and general intangibles, all inventory, goods held for sale or lease, or to be furnished under a contract, raw materials, component parts, work in process, and other materials used or consumed in Borrower's business, together with all rights to payment of any kind arising out of the sale, lease, collection, exchange or other disposition of any of the property," *Id.* ¶ 8, and  three deeds of

1

trust against Star Texas's real property in Nueces, Gregg, and Midland Counties, Texas. *Id.* ¶ 10. According to Wells Fargo, Star Texas lacks an adequate source of funding. *See id.* ¶ 13. As a result, Wells Fargo contends that this Court should appoint a receiver in accordance with the loan agreements and deeds of trust to protect the value of its collateral because "[a]n orderly winding down of [Star Texas]'s business affairs will maximize the value of its business assets for the benefit of all its creditors." *Id.*

This Court conducted a telephonic conference on November 24, 2014, and gave Star Texas until December 1, 2014, to hire non-conflicted counsel and cause a notice of appearance to be filed. *See* Ct. Order, Nov. 25, 2014, Dkt. No. 8 (memorializing this ruling). Counsel appeared for Star Texas on December 2, 2014, Dkt. No. 12, and this Court ordered the parties to propose a plan for briefing the emergency application and submitting it for decision, Dkt. No. 14. The parties did so. Dkt. No. 15. On December 8, 2014, this Court entered an order effectuating the parties' proposed plan. Dkt. No. 16. In addition to its briefing, Wells Fargo filed a motion seeking limited, expedited discovery from Star Texas before any hearing on the emergency application. Dkt. No. 17.

The Court entered an order expediting consideration of Wells Fargo's motion for discovery on December 16, 2014. Dkt. No. 20. In that order, the Court also advised the parties that it was considering dismissing this action under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 2 (citing *Carroll v. Fort James Corp.* 470 F.3d 1171, 1177 (5th Cir. 2006) (other citations omitted). The order stated as follows:

> In its emergency application to appoint a receiver, Plaintiff states that "[t]his is a receivership action ancillary to an anticipated arbitration proceeding arising out of Borrower's breach of the terms and conditions of its Loan Documents with Wells Fargo." Dkt. No. 1 ¶ 1. The prayer for relief section of the application requests "the following ancillary relief" and then lists the appointment of a receiver and "such other and further relief, both general and special, at and law in equity, to which Plaintiff is justly entitled under Federal Rule of Civil Procedure 66 and federal common law governing receiverships." *Id.* at 16. Further, a review of this document reveals no facial claim for breach of contract or

for coercive relief related to the anticipated arbitration other than the request to appoint a receiver.

*Id.* The Court invoked the general rule that "[t]here is no occasion for a court of equity to appoint a receiver of property of which it is asked to make no further disposition." *Id.* at 1 (quoting *Tucker v. Baker*, 214 F.2d 627, 632 (5th Cir. 1954)). The Court provided the parties with an opportunity to be heard on this matter. *Id.* at 3. Consequently, in addition to Wells Fargo's motion for discovery, the Court has before it the parties' memoranda on the Rule 12(b)(6) issue raised by the Court. Dkt. Nos. 23, 24. Wells Fargo also has advised the Court that, on December 17, 2014, it filed a statement of claim with the American Arbitration Association commencing an arbitration proceeding stemming from the claimed breach of loan agreements asserted in this lawsuit. *See* Dkt. No. 23 Ex. A.

## II. Failure to State a Claim

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *See* also, e.g., *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010). That is, "the complaint's 'factual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes*, 624 F.3d at 210 (brackets omitted) (quoting *Twombly*, 550 U.S. at 555). When performing a Rule 12(b)(6) analysis, all well-pleaded facts in the complaint must be accepted as true, and the complaint must be construed in the light most favorable to the plaintiff. *S.E.C. v. Cuban*, 620 F.3d 551, 553 (5th Cir. 2010); *In re Great Lakes*, 624 F.3d at 210 (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). However, "conclusory allegations, unwarranted factual inferences, [and] legal conclusions" need not be accepted as true. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)); accord *Iqbal*, 556 U.S. at 662; *In re*

3

*Great Lakes*, 624 F.3d at 210. Also, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Although presenting matters outside the pleadings on a Rule 12(b)(6) motion generally converts a motion to dismiss into one for summary judgment, *see* Fed. R. Civ. P. 12(b), "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim," and the Court may consider such documents when deciding a Rule 12(b)(6) motion. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

### III.  Analysis

Wells Fargo's emergency application begins by declaring that "[t]his is a receivership action ancillary to an anticipated arbitration proceeding arising out of Borrower's breach of the terms and conditions of its Loan Documents." Dkt. No. 1 ¶ 1. In its December 15, 2014, order, this Court observed that Wells Fargo facially pleaded no breach-of-contract claim or other claim for relief apart from its request to appoint a receiver. *See* Dkt. No. 1 at 1, 16 (requesting only appointment of receiver in prayer for relief). Wells Fargo apparently concedes that this Court correctly reads its emergency application as asserting no primary claim other than the then-anticipated arbitration proceeding. *See* Dkt. No. 24 at 1. It argues instead that this Court can appoint a receiver ancillary to the pending arbitration proceeding based on the following language from a credit agreement executed by Star Texas on December 14, 2010:

> "The arbitration requirement does not limit the right of any party to . . . (iii) obtain provisional or ancillary remedies such as replevin, injunctive relief, attachment or the appointment of a receiver, before during or after the pendency of any arbitration proceeding. This exclusion does not constitute a waiver of the right or obligation of any

4

party to submit any dispute to arbitration or reference hereunder . . . ."[1] Dkt. No. 1 Ex. A ¶ 7.14(c); Dkt. No. 24 Ex. A ¶ 7.14(c).

The Supreme Court has stated that "[a] receivership is only a means to reach some legitimate end sought through the exercise of the power of a court of equity. It is not an end in itself." *Kelleam v. Md. Cas. Co.*, 312 U.S. 377, 381 (1941) (quoting *Gordon v. Washington*, 295 U.S. 30, 37 (1935)). Consequently, "a federal court of equity should not appoint a receiver where the appointment is not a remedy auxiliary to some primary relief which is sought and which equity may appropriately grant." *Id.* (citations omitted); *See* also *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 241 (5th Cir.1997) (quoting 12 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2983 (1973)) (explaining that "receivership may be an appropriate remedy for a judgment creditor[, inter alia,] . . . who otherwise is attempting to have the debtor's property preserved from dissipation until his claim can be satisfied."); *Tucker v. Baker*, 214 F.2d 627, 632 (5th Cir. 1954) (quoting *Gordon v. Washington*, 295 U.S. at 55 (1935)) ("There is no occasion for a court of equity to appoint a receiver of property of which it is asked to make no further disposition."); *Kinnebrew v. La. Ice Co.* 89 F. Supp. 809, 810-11 (W.D. La. 1950) (citations omitted) ( "[i]t has been uniformly held that a receiver will not be appointed where in primary relief, such as the adjudication of some substantial right or interest in property, is sought . . . .").

In *RGI, Inc. v. Tucker Associates., Inc.* 858 F.2d 227, 229 (5th Cir. 1988), the Fifth Circuit acknowledged a split among the Circuits on the question of whether preliminary injunctive relief is available in an action involving an agreement to arbitrate under the Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq. *See* 858 F.2d at 229 (contrasting as exemplary of split *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hovey*, 726 F.2d 1286, 1291 (8th Cir. 1984) and *Teradyne v. Mostek Corp.*, 797 F.2d 43, 43 (1st Cir.1986)). The RGI court did not take a side in this

---

[1] Wells Fargo also relies on language from an alleged guaranty agreement signed by Ronnie King, Star Texas's President, on December 14, 2010. Dkt. No. 24 Ex. B. The Court does not rely on this agreement to reach its decision, however, because Wells Fargo's emergency application does not refer to it. See *In Re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quotation omitted)(stating documents attached to motion to dismiss can be considered "if they are referred to in [plaintiff's] complaint.").

split. *Id.* Instead, it resolved the case based on a split-bridging "consensus . . . [that] a preliminary injunction [may issue] where the parties had contemplated its use beforehand." *Id.* (citing *Hovey*, 726 F.2d at 1291); *See* also *Janvey v. Alguire*, 647 F.3d 585, 592 (5th Cir. 2011) (stating that RGI court "did not enter the fray" of the split). The district court in RGI entered a preliminary injunction preserving the status quo of the contracting relationship and ordered the case to arbitration in accordance with the FAA. *See id.* at 228. The Fifth Circuit affirmed because the parties' written agreement included a "bargained-for provision clearly contemplat[ing] that the status quo is to continue pending arbitration." *Id.* (quoting language of agreement). That is, the RGI court held that "[w]here an arbitration agreement contemplates the use of a preliminary injunction to maintain the status quo, the district court has the power to issue a preliminary injunction for that purpose." *Weeks Marine, Inc. v. BAE Sys. Se. Shipyards Alabama, LLC,* No. 14-905, 2014 WL 2533408, at *2 (E.D. La. June 4, 2014) (citing *RGI*, 828 F.2d at 230).

Like the plaintiff in *RGI*, Wells Fargo alleges in its emergency application that the credit agreements at issue include a bargained-for provision contemplating a court-ordered receivership pending arbitration. The RGI Court reasoned that enforcing a bargained-for agreement to preserve the status quo pending arbitration did not risk injecting the district court into the merits of the issues to be arbitrated—the concern articulated by the Hovey court and others holding that coercive relief is not generally available pending arbitration—because the district court did not need to "involve itself in balancing the various factors to determine whether a preliminary injunction should be issued" when enforcing such a provision. 858 F.2d at 229 (citing *Miss. Power & Light v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985)). In the case at hand, Wells Fargo alleges that Star Texas "has consented to the appointment of a receiver, before and during the pendency of an arbitration proceeding, in the event of a default under the terms and conditions of the Loan Documents, and has agreed that Wells Fargo shall be entitled to such appointment as a matter of strict right." Dkt. No. 1 ¶ 1.

Determining whether the credit agreements strictly entitle Wells Fargo to appointment of a receiver pending arbitration injects this Court no further into the merits of the underlying loan dispute than did deciding whether to enforce the bargained-for provision in *RGI*. *See Digital Generation, Inc. v. Boring,* 869 F. Supp. 2d 761, 773–74 (N.D. Tex. 2012) (considering motion for preliminary injunction and distinguishing *RGI* because "[t]he language in the parties' agreement expressly states that DG may seek injunctive relief from a court of competent jurisdiction or the arbitrator"); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Chapman,* No. 98-1615, 1998 WL 792501, at *1 (N.D. Tex. Nov. 3, 1998) (applying *RGI* to hold that parties contemplated injunctive relief where agreement stated that defendant "consent[ed] to the issuance of a temporary restraining order or a preliminary or permanent injunction"); *Morrison Home Center v. Hilti, Inc.,* No. 98-1660, 1998 WL 397894 (E.D. La July 15, 1998) (holding preliminary injunction could be entered under GI where agreement included clause stating that "pending arbitration, either party may seek injunctive relief in a court of competent jurisdiction."). Consequently, Wells Fargo states a claim which, when viewed in the light most favorable to it and assuming all well-pleaded factual allegations to be true, can be granted. *See RGI, Inc.*, 858 F.2d at 229. This Court intimates no view on whether a receivership is available in the absence of an alleged bargained-for provision like that enforced in *RGI*.

### IV.     Motion for Leave to Conduct Expedited Discovery

Wells Fargo also seeks leave to conduct specific discovery before The Court holds a hearing on the emergency application. Dkt. No. 17. "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."[2]

---

[2] Because the parties have not briefed the question, The Court does not decide whether this case qualifies as an "action to enforce an arbitration award" as that phrase is used in Rule 26(a)(1)(B)(ix).

Fed. R. Civ. P. 26(d)(1). The record includes no evidence that the parties have conducted a scheduling conference under Rule 26(f).

Wells Fargo's motion for expedited discovery and Star Texas's response demonstrate that the parties have stipulated to limited discovery in the event that the Court does not dismiss this action. *See* Black's Law Dictionary 1550 (9th ed. 2009) (defining stipulation as, inter alia, "a voluntary agreement between opposing parties concerning some relevant point"). In its motion for expedited discovery, Wells Fargo seeks leave to: (1) depose Ronnie king, Star Texas's principal, on specified subjects; (2) subpoena documents related to Star Texas's accounts with Prosperity Bank; and (3) subpoena accounts payable records of Baker Hughes concerning payments made to Star Texas since November 17, 2014. Dkt. No. 17 at 3–4. Star Texas responds that "it does not oppose an expedited deposition of Ronnie King" if the Court decides not to dismiss this action.[3] Dkt. No. 22 at 2. Nor does Star Texas oppose in substance either of Wells Fargo's requests for obtaining documents. *See id.* at 2. *In response to Wells Fargo's third proposal,* Star Texas states that it will voluntarily produce the Baker Hughes-related records. *Id*. Based on these representations, the Court concludes that the parties have agreed to limited expedited discovery, making a court order to permit it unnecessary. *See* Fed. R. Civ. P. 26(d)(1) (discovery before scheduling conference "by stipulation"); (*Huffington v. Enstar Corp.*, 589 F. Supp. 624, 625 (S.D. Tex. 1984) reciting in procedural history that court set a briefing schedule for parties when they agreed to conduct expedited discovery at hearing); *But see Providence Property & Cas. Ins. Co. v. Peoplease Corp.,* 2007 WL 2241492, at *1 (E.D. Tex. Aug. 3, 2007) (granting unopposed motion for expedited discovery because "the documents [the plaintiff] has requested will aid the Court in determining whether to grant Providence's request for preliminary injunction").

---

[3] Star Texas asks that any deposition be scheduled after January 5, 2015, due to the holidays. Dkt. No. 22 at 2. That request has been mooted by the passage of time.

## V.     Conclusion

For the foregoing reasons, the Court determines that Wells Fargo's emergency application states a claim for which relief can be granted and **DENIES AS MOOT** its Emergency Motion for Expedited Discovery.  Dkt. No. 17.  The Court **ORDERS** the parties to confer and advise the Court within seven days after the entry of this order of their plan to conduct the discovery to which they have stipulated.  After the Court receives the parties' discovery schedule, a hearing on the merits of the emergency application will be scheduled.

SIGNED this 29th day of January, 2015.

_____
Hilda Tagle
Senior United States District Judge